IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE LEE CHESTANG,

    Plaintiff,                   No. 2:12-cv-1097 EFB P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

    Defendants.              ORDER

                               /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       On May 8, 2012, the court found that plaintiff did not pay the required filing fee or submit an application for leave to proceed *in forma pauperis*. Accordingly, the court ordered plaintiff to submit either the filing fee or the application required by § 1915(a) within thirty days. The order warned plaintiff that failure to do so might result in this action being dismissed. The 30-day period expired and plaintiff did not pay the filing fee, submit an application to proceed *in forma pauperis* or otherwise respond to the court's order. Accordingly, on June 19, 2012, this

1  action was dismissed without prejudice and judgment was entered.

2       On June 22, 2012, after this case was closed, plaintiff filed an application to proceed *in
3  forma pauperis*.  Dckt. No. 8.  On July 10, plaintiff moved to amend his complaint and requested
4  relief from judgment.  Dckt. Nos. 9, 10.  Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

10  Plaintiff's motion for relief from judgment will be granted.  Accordingly, the court turns to
11  plaintiff's request for leave to proceed *in forma pauperis* and motion to amend.

12       Plaintiff's application to proceed in forma pauperis makes the showing required by 28
13  U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having
14  custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as
15  set forth in 28 U.S.C. § 1915(b)(1) and (2).

16       Plaintiff also moves to amend his complaint to add "newly discovered evidence."  It
17  appears from plaintiff's filing that he wishes to amend or add to the original complaint in a
18  piecemeal fashion through separate filings.  However,  Rule 15(a)(1) of the Federal Rules of
19  Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

25  When a plaintiff is allowed to amend his complaint, however, he must write or type the amended
26  complaint so that it is complete in itself without reference to any earlier filed complaint.  L.R.

220.  Thus, plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint.  If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.  *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Here, because plaintiff has not previously amended the complaint and no responsive pleading has been served in this action, plaintiff has leave to file an amended complaint as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Plaintiff may therefore file a single amended complaint that includes all information relevant to his claim(s).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  In any amended complaint, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.  Any amended complaint shall clearly set forth the claims and allegations against each defendant, and must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for relief from judgment (Dckt. No. 10) is granted and the Clerk is directed to reopen the case.

2. Plaintiff's request to proceed in forma pauperis (Dckt. No. 8) is granted.

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's motion to amend (Dckt. No. 9) is denied.

5. Plaintiff is informed that he has leave to amend the complaint once as a matter of course.

6. Within 30 days from the date of service of this order, plaintiff may file a First Amended Complaint using the court's form. The amended complaint, if any, must bear the docket number assigned to this case and be titled "First Amended Complaint."

7. The Clerk of the Court shall send one civil rights complaint form to plaintiff.

Dated: August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE