1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDDIE LEE CHESTANG,

11          Plaintiff,                    No. 2:12-cv-1097 EFB P

12       vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
14   REHABILITATION, et al.,

15          Defendants.                   ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C.

20   § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).  Before the court is plaintiff's April

21   25, 2012 complaint and September 7, 2012 motion to stay.  Dckt. Nos. 1, 14.  For the reasons

22   stated below, the complaint is dismissed, the motion to stay is denied, and the Clerk is directed to

23   close the case.

24          Federal courts must engage in a preliminary screening of cases in which prisoners seek

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

                                          1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4         In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

9         Furthermore, a claim upon which the court can grant relief has facial plausibility.

10  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

11  content that allows the court to draw the reasonable inference that the defendant is liable for the

12  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

13  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

14  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

15  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

16        A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

17  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

18  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

19  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

20  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21        According to the allegations and exhibits to the April 25, 2012 complaint, plaintiff was

22  awarded workers' compensation benefits in 2001 after sustaining a knee injury, but is not

23  allowed to collect those benefits until he is released from prison.  Plaintiff claims that the Board

24  of Parole Hearings is now "discriminating" against him because of an unspecified disability

25  (presumably the knee injury) by not releasing him on parole, thereby depriving him of his

26  workers' compensation benefits and causing him mental anguish.  He requests damages and that

1    his maximum prison term date of July 30, 2012, be honored.  *See* Dckt. No. 1.  In essence,

2    plaintiff is requesting, through this civil rights action, that he be released from prison so that he

3    can collect his workers' compensation benefits on the ground that failure to do so amounts to

4    unconstitutional "discrimination."  *See* Pl.'s Mot. to Stay, Ex. A (copy of plaintiff's

5    administrative appeal requesting "immediate release" and "benefits awarded.").

6         While civil rights actions filed pursuant to section 1983 are appropriate for challenges to

7    the *conditions* of confinement, challenges in federal court to the *fact or the length of* confinement

8    generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

9    *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Here, plaintiff's action sounds in habeas because

10   he is challenging the fact that he is confined to prison.

11        In order to bring a civil rights claim alleging an unconstitutional conviction or sentence, a

12   plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged

13   by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of

14   habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff has not done so in

15   this case.  Here, if plaintiff were successful on his claim that his continued incarceration is

16   unconstitutional, it would necessarily render invalid his current sentence.  Thus, plaintiff's

17   § 1983 civil rights claim is *Heck*-barred.  *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir.

18   2003) (clarifying that application of *Heck*'s favorable termination rule "turns solely on whether a

19   successful § 1983 action would necessarily render invalid a conviction, sentence, or

20   administrative sanction that affected the length of the prisoner's confinement.").

21        For these reasons, the complaint should be dismissed without leave to amend.  *See*

22   *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105

23   (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

24   absolutely clear that the deficiencies of the complaint could not be cured by amendment."

25   (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]

26   district court should grant leave to amend even if no request to amend the pleading was made,

1  unless it determines that the pleading could not be cured by the allegation of other facts.").

2  Plaintiff's September 14, 2012 motion to stay must therefore be denied as moot.

3       Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without leave

4  to amend and the Clerk is directed to close this case.

5  DATED:  September 13, 2012.

6  

7  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26